IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DENNIS JOHN TIMS,

                Plaintiff,                                OPINION AND ORDER

   v.

                                                              23-cv-656-wmc

STEVEN STRUENSEE, *et al.*,

                Defendants.

Plaintiff Dennis Tims, who is representing himself while incarcerated at Waupun Correctional Institution ("Waupun"),[1] filed this lawsuit under 42 U.S.C. § 1983 against various law enforcement officials and a district attorney for violating his First, Fourth and Fourteenth Amendment rights.[2] He also moves for leave to file a supplemental complaint adding two former district attorneys as defendants. (Dkt. ##19, 19-1.) Tims's complaint is difficult to follow because his allegations are spread across three documents (dkt. ##1, 2, 19-1) and refer to the many documents and videos that he filed in support of his complaint.[3]

That said, the court understands Tims's complaint to allege that he was harmed by his criminal prosecution in Wisconsin state court. He also appears to assert that various

---

[1] Tims also lists his two sons as plaintiffs in the lawsuit, but he cannot represent them because he is not a lawyer. *Lawrence v. Sec'y of State*, 467 F. App'x 523, 525 (7th Cir. 2012) ("*pro se* plaintiffs cannot represent others"); *Tuttle v. Illinois Dep't of Children & Family Servs.*, 7 F.3d 238 (7th Cir. 1993) ("Although a parent has a right to litigate claims on his own behalf without an attorney, he cannot litigate the claims of his children unless he obtains counsel.").

[2] The court construes Tims's claims as brought under 42 U.S.C. § 1983 because he asserts that state officials violated his constitutional rights.

[3] As a preliminary matter, the court will grant Tims' motion for leave to file a supplemental complaint (dkt. #19) and will consider the allegations in that complaint.

defendants are withholding evidence that he should be allowed to review (dkt. #14), and further that Waupun officials are withholding his legal documents. (Dkt. #15.) Relatedly, Tims moves for: (1) a temporary restraining order and preliminary injunction allowing him to reestablish contact with his children; (dkt. #18); and (2) the production and "in camera judicial inspection" of certain evidence. (Dkt. #10.)

While Tims has paid the full filing fee, the next step is to screen his complaint because he remains a state prisoner, and to dismiss any portion that (1) is legally frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A; *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status"). The court construes Tims's complaint generously, accepting the allegations as true and holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even under this lenient standard, however, the court concludes that this case must be dismissed as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

OPINION

Court records show that Tims is currently incarcerated at Waupun after pleading no contest in 2019 to two counts of physical abuse of a child, including repeated acts causing bodily harm.[4] However, Tims now alleges that there were various other problems

---

[4] *Clark County Case Number 2017CF000116 State of Wisconsin vs. Dennis J. Tims*, Wisconsin Circuit Court Access, https://wcca.wicourts.gov/caseDetail.html;jsessionid=20A3258A2AB4A8EE 49D4C0DDC5A60BE8.render4?caseNo=2017CF000116&countyNo=10&mode=details.

with his state prosecution, including his being improperly arrested for exercising his First Amendment rights as a parent, and subsequent violations of his entitlement to documents, all as summarized below. First, Tims claims that Detective Steven Struensee withheld evidence, falsely testified, and destroyed audio recordings to hide exculpatory evidence to undermine his overall defense, as well as "bolster" what he asserts was "a malicious prosecution." Second, Tims claims that Clark County Deputy Sheriffs Aaron Bemenister and Alexander Cattanach edited body-camera footage and made false reports for the same reasons as Struensee. Third, Tims claims that the current Clark County Sheriff Scott Haines improperly protected his investigators and refused to respond to Tims' post-conviction evidentiary requests. Fourth, Tims claims that Clark County District Attorney Melissa Inlow blocked his post-conviction appeal by refusing to provide evidence. Fifth, Tims appears to claim that former Clark County District Attorney Kerra Strumbiss and former Clark County Assistant District Attorney Holly Wood-Webster also improperly edited body-camera footage related to his conviction. Accordingly, Tims asks the court to appoint special counsel to investigate Clark County law enforcement officials, order criminal charges filed against those officials, enter a declaratory judgment, and award money damages.

To begin, plaintiff cannot bring claims for damages under 42 U.S.C. § 1983 if judgment in his favor would "necessarily imply the invalidity of his conviction or sentence," unless he has first overturned that conviction by a habeas corpus proceeding or by other collateral attack. *Heck*, 512 U.S. at 486-87. Because plaintiff has not alleged that he successfully obtained post-conviction relief from his state conviction and sentence, therefore, *Heck* precludes him from pursuing damages for the circumstances caused by the

3

conviction or from using this lawsuit to challenge or reverse the result of his state criminal proceedings.[5]

The typical federal vehicle to obtain relief from a state conviction would be for Tims to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) ("State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody."). However, the Court of Appeals for the Seventh Circuit instructs this court that "[w]hen a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice," rather than convert it into a petition for habeas corpus. *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996) (citing *Heck*, 512 U.S. 477). Accordingly, the court must dismiss his claims challenging the validity of his state conviction without prejudice.

Because the court is dismissing Tims's complaint, the court will also deny without prejudice Tims's motions for: (1) a temporary restraining order and preliminary injunction (dkt. #18); (2) in camera judicial inspection (dkt. #10); and (3) production of certain evidence. (Dkt. #14.) While Tims also claims that Waupun officials are withholding his legal documents (dkt. #15), this court generally does not interfere with prison security decisions, especially those arising out of state actions over which it has no subject matter

---

[5] Similarly, Tims claim that he was prosecuted maliciously is barred for failing to allege favorable termination of the underlying criminal proceedings, which is an element of both federal and state-law malicious prosecution claims. *Zloza v. New Lisbon Police Dep't*, No. 23-CV-59-WMC, 2023 WL 2163135, at *1 (W.D. Wis. Feb. 22, 2023).

jurisdiction. In any event, Tims does not demonstrate that he needs his legal materials or other evidence held by the Clark County Sheriff or District Attorney except to attack his state conviction, and those claims have now been dismissed. Even if he wanted documents or evidence held by Clark County, his remedy would appear to be an open records request under state law, not a lawsuit in federal court. Thus, that motion and any related claims will also be denied without prejudice.

ORDER

IT IS ORDERED that:

1) Plaintiff Dennis Tims' motion for leave to file a supplemental complaint (dkt. #19) is GRANTED.

2) Plaintiff's motions for: (1) a temporary restraining order and preliminary injunction (dkt. #18); (2) in camera judicial inspection (dkt. #10); (3) production of certain documents (dkt. #14); and (4) Waupun officials to give him legal materials (dkt. #15) are DENIED without prejudice.

3) The court confirms that it has received plaintiff's thumb drive (dkt. #23), and the clerk of court is directed to return plaintiff's thumb drive to him. (Dkt. #5.)

4) This case is DISMISSED without prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994).

Entered this 21st day of August, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge